

FILED

7/14/2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM WHEELER AND JOYCE THOMAS; | ) | |
| Plaintiffs; | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 14-cv-3380 |
| THE CITY OF CHICAGO, ILLINOIS, | ) | Judge: Marovich |
| A Municipal Corporation; and POLICE | ) | |
| OFFICERS: CONNER, STAR #18863; | ) | PLAINTIFF DEMANDS |
| TIM WOOD, STAR #16252; WILLIAM | ) | TRIAL BY JURY |
| HRONOPOULOS, STAR #9785; PATRICK KELLY | ) | |
| STAR #16411; PAUL KOPACZ, STAR #19705; | ) | |
| JOSHUA ZAPATA, STAR #3747; KRIS | ) | |
| STIPANOV, STAR #9128; NICK ZARBOCK, | ) | |
| STAR #18904; RICHARD MAHER, STAR #1478; | ) | |
| KENNETH STOPPA, STAR #339; JOHN | ) | |
| MCKENNA, STAR #14810; LARA, STAR #19429; | ) | |
| STEVEN SESSO, STAR #340, and E.D. HANEY, | ) | |
| STAR #3591; | ) | |
| Defendants. | ) | |

AMENDED COMPLAINT

Comes now Plaintiffs, by their undersigned counsel, complaining against

Defendants, and in support state as follows:

Jurisdiction

1.     This Court has jurisdiction over the parties to this dispute, all of whom

are domiciled and operate within the state of Illinois.

1

2.     This Court has jurisdiction over the subject matter of this dispute, as the events giving rise thereto occurred in Cook County, Illinois, and as the dispute concerns questions arising under the First, Fourth and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. §1983. This Court has supplemental jurisdiction over the state claims asserted, pursuant to 28 U.S.C. §1367.

<u>Parties/Venue</u>

3.     Plaintiffs reside in Cook County, and also resided in Cook County at the time of the events giving rise to this Complaint.

4.     Defendant CITY OF CHICAGO, ILLINOIS is a municipal corporation and unit of local government located in Cook County, Illinois. Defendant Police Officers were employed by the Chicago Police Department at the time of the events in question.

5.     Venue is thus properly laid in this Court.

<u>Facts</u>

6.     Chicago Police officers Kelly, Kopacz, Zapata, Stipanov, Zarbock, Hronopoulos, Wood, Maher, Stoppa, McKenna, Sesso, and Lara raided (and or approved of said raid) Plaintiffs William Wheeler and Joyce Thomas's apartment which was at 4522 W. Van Buren St., Chicago, Illinois, on May 8, 2012.

7.     Wheeler and Thomas are now husband and wife.

8.     Officers Conner and Haney arrested Wheeler over a month later on June 16, 2012, down the street from Wheeler and Thomas' apartment.

9.     Both the raid and the arrest were based on false reports of illegal weapons and drugs being stored in Plaintiffs' apartment.

10.     This information leading to the search/raid of Plaintiffs' apartment was easily discernibly false, as no drugs or weapons were even found in Plaintiffs' apartment, and Plaintiffs' fingerprints were not on any of the weapons or drugs which actually were recovered from a neighboring apartment and common areas of the building.

11.     The absence of Plaintiff Wheeler's fingerprints on the contraband should have negated his arrest over one month later.

12.     Said false information was provided by Dewight Craft, a known drug dealer, in whose apartment the contraband was found, and who gave the false information to cover up his own criminal activity.

13.     Plaintiffs lived in the second floor apartment at that address at the time.

14.     The officers who raided found three guns and found narcotics in the common areas of the apartment on the back porch, and a neighboring apartment, which did not belong to Plaintiffs.

15.     When the officers raided the apartment on May 8, 2012, no search

warrant was shown to Joyce Thomas, and the officers ordered her to leave

the apartment.

16.     William was not present when the raid took place.

17.     Officers Conner and Haney approached Wheeler on June 16, 2012 and

misrepresented that they merely wanted to talk to him and would not lock him

up.

18.     As a result, he made himself available to the officers who then

proceeded to grab him and handcuff him, taking him to Homan Square where

he was processed.

19.     Wheeler was shuffled from this station (at 3340 W. Fillmore St.) to the

Harrison St. station and then back to the Fillmore St. station, with officers not

informing his wife of his correct whereabouts.

20.     His bond was set at $150,000, while inmates having been charged with

more heinous crimes and having more extensive criminal backgrounds had

lesser bonds (e.g. $25,000).

21.     He was indicted for possession of controlled substance with intent to

deliver (2 counts), unlawful use or possession of a weapon by a felon (7

counts), and with defacing marks on a firearm.

22.     No officer had checked for fingerprints on the weapons and drugs in

question before seeking to arrest Wheeler—had they checked for fingerprints

they would not have found Wheeler's fingerprints on any weapons and his

arrest would not have occurred.

23.     As a result of this wrongful raid and arrest, Wheeler spent nearly one

year in jail before he was acquitted of all charges on May 28, 2013.

24.     This raid and arrest was retaliatory against Wheeler, for having

exercised his First Amendment right to petition government and redress

grievances by filing complaints against officers at the Fillmore St. Station in

2008 for a wrongful arrest carried out on him.

> Count I: Fourth Amendment Violations, 42 U.S.C. §1983: False Arrest and
> Imprisonment, Violation of Fourth and Fourteenth Amendments, 42 U.S.C.
> §1983: Plaintiff Wheeler v. Defendant Officers Conner and Haney

25.     Plaintiff realleges all preceding paragraphs and incorporates them in this

Count.

26.     The defendant officers falsely arrested Wheeler and caused him to be

detained for almost a year beginning June 16, 2012, and this wrongly, as no

probable cause existed for his arrest, as a simple check for fingerprints on the

contraband recovered in the raid conducted over a month before would have

exonerated Wheeler, and the raid (which Plaintiffs DO NOT concede was

proper) took place over a month before Wheeler's arrest, giving the Defendant

Officers ample time to check for fingerprints.

27.     Such actions violated his Fourth Amendment right to be free from

unlawful seizure and arrest and detention/imprisonment.

28.     The officers do not enjoy qualified immunity because as state actors

acting under color of law, without warrant, without probable cause, and outside

of their jurisdiction, they knew or should have known that their actions

described above against the participants were unconstitutional and in violation

of clearly established law.

29.     Defendants by seizing and arresting and detaining Wheeler falsely,

caused injury to him in the following ways:

a.      depriving him of his right to be free from unreasonable, unwarranted

seizures and arrests and imprisonment;

6

b.      depriving him of physical liberty for almost a year;

c.      marring his record with the arrest, and

d.      causing emotional distress.

Count II: Malicious Prosecution: Plaintiff Wheeler v. All Defendant Officers

30.     Plaintiffs reallege all previous paragraphs above and incorporate them herein.

31.     The Defendant officers (especially Hronopoulos, who procured grand jury indictments against Wheeler) took an active role in instituting and maintaining criminal proceedings against the Plaintiff when they maliciously, willfully and wantonly proceeded based on clearly false statements from Craft and failed to check the recovered contraband for fingerprints, in order to effect the arrest and prosecution of Plaintiff in retaliation for his prior complaints against officers in the same district.

32.     The officers lacked probable cause to commence and continue the prosecutions against Plaintiff, as they never checked the contraband for Wheeler's fingerprints, and the contraband was not recovered from his apartment—the attribution of the contraband to Wheeler was merely on the word of Craft, a known criminal and drug dealer, without investigation.

33.     The proceedings terminated favorably to Plaintiff—he was acquitted of

all charges.

34.     As a proximate result of Defendants' actions, Plaintiff Wheeler suffered

the following damages:

a.      Wheeler was arrested and seized, and detained for almost a full year,

and ultimately he was acquitted of all charges;

b.      He suffered public disrepute and humiliation as a result of the criminal

action that resulted from Defendants' actions;

d.      He suffered emotional distress as a result of Defendants' commencing

and continuing of criminal proceedings against him maliciously.

<u>Count III: 42 U.S.C. § 1983 – Substantive Due Process, Egregious Abuse of Power: Both Plaintiffs v. all Defendants</u>

35.     Plaintiffs reallege all previous paragraphs above and incorporate them

herein.

36.     The above actions were carried out as part of a policy and custom of

retaliation against citizens who complain of police misconduct.

37.     Defendants' conduct was and is an egregious arbitrary abuse of

government power that shocks the conscience.

8

38.    As a result of its' actions, Defendants caused plaintiffs to suffer and continue to suffer great emotional and physical anguish, and other damages including loss of freedom due to incarceration for almost a year, and loss of society and consortium, *inter alia*.

Count IV: 42 U.S.C. § 1983 – First Amendment Retaliation: All Plaintiffs v. All Defendants

39.    Plaintiffs reallege all previous paragraphs above and incorporate them herein.

40.    The Defendants were motivated by illegitimate animus against the Plaintiffs, in retaliation for Plaintiff Wheeler's complaining against other officers at the same district/precinct for previous wrongful arrests.

41.    Plaintiff Wheeler engaged in protected speech on a matter of public concern, namely complaining through channels designated by Defendant City of Chicago, about wrongful arrests and other police misconduct.

42.    Defendants' actions complained of herein were in retaliation for said First Amendment activity.

As a result of its' actions, Defendants caused Plaintiffs to suffer and continue to suffer great emotional and physical anguish, as well as loss of freedom (Wheeler) for almost a year, and financial damages.

9

## Count V: 42 U.S.C. §1983: Illegal Search and Seizure: Plaintiff Thomas v. All Defendant Officers EXCEPT Conner and Haney

43.     Plaintiff realleges all previous paragraphs above and incorporate them herein.

44.     The Defendant Officers deprived Plaintiff of rights and privileges secured for her under the Constitution, including the Fourth and Fourteenth Amendment violations alleged above.

45.     Defendants acted under color of law when they invaded Plaintiff's home pursuant to false information and conducted the illegal, harassing, and threatening search of her property.

46.     Their actions toward the Plaintiff violated her Fourth Amendment rights to be free from unlawful search and seizure.

47.     They do not enjoy qualified immunity because as state actors acting under color of law, without warrant, without probable cause, they knew or should have known that their actions described above against the participants were against clearly established constitutional law.

10

48.     By invading the home of Plaintiff, and conducting an illegal search of her

property and illegal seizures without probable cause, these Defendants caused

injury to Plaintiff in the following ways:

a.      depriving Plaintiff of her right to be free from unreasonable, unwarranted,

and traumatic searches and seizures;

b.      invading the privacy of Plaintiff;

c.      ordering her out of her home; and

d.      causing Plaintiff severe emotional distress.

49.     As a result of its' actions, Defendants caused plaintiffs to suffer and

continue to suffer great emotional and physical anguish, and financial

damages.

### Count VI: Indemnification Claim Pursuant to 745 ILCS 10/9-102: All Plaintiffs v. All Defendants

50.     The acts of the Defendant-Officers described in the above claims were

willful and wanton, and committed in the scope of employment.

51.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant

City of Chicago is liable for any judgments in this case arising from the

individual Defendants' actions.

11

Conclusion

WHEREFORE, Plaintiffs urge that this Honorable Court award judgment

for them against all Defendants for all of their egregious actions described

above; specifically, Plaintiffs urge the award of actual and compensatory

damages, exemplary damages, and attorney's fees pursuant to 42 U.S.C

§1988.

*Jury Trial Demanded*

Respectfully submitted,
By: ___s/ Jason R. Craddock ___
Attorney for Plaintiffs
19 S. LaSalle—Suite 604
Chicago, Illinois 60603
Phone: (312) 629-2818
Fax: (855) 817-9338
Email: captain1970@thelifeline.net or craddocklaw@att.net