# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WILLIAM WHEELER, et al.,

    Plaintiffs,

  v.

WILLIAM HRONOPOULOS, et al.,

    Defendants.

No. 14 CV 3380

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

Police officers searched plaintiffs Joyce Thomas and William Wheeler's apartment and another apartment in the same building. The officers found guns, ammunition, and drugs. An occupant of the first-floor apartment—where the guns were found—said that she was holding the guns for Wheeler. Wheeler's wife, Thomas, denied knowing about the guns or the drugs. A few weeks after the search, two patrol officers saw Wheeler on the street and arrested him. Wheeler was prosecuted on gun and drug charges, and found not guilty.

Wheeler and his wife filed suit against the officers involved in the investigation and arrest (and against the City of Chicago for indemnification). Plaintiffs voluntarily dismissed some claims. [92].[1] The remaining claims are for unlawful search and false arrest—brought under the Fourth Amendment and 42 U.S.C. § 1983—and a state-law claim for malicious prosecution. Defendants move for summary judgment.

---

[1] Bracketed numbers refer to entries on the district court docket.

Summary judgment is appropriate if there is no genuine dispute as to any material fact, and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). I view the facts—and draw any reasonable inferences from those facts—in the light most favorable to plaintiffs. Local Rule 56.1(b)(3) requires plaintiffs to cite to specific supporting material when disagreeing with an assertion by defendants, and facts will be deemed admitted if not properly controverted with supporting evidence. Strict compliance with the local rules is required. *See Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

In some instances, plaintiffs have not complied with the local rule. For example, in response to several paragraphs of defendants' statement of facts, plaintiffs admit that the witness testified as described by the fact, but deny the underlying fact without citation to the record. [118] ¶¶ 40, 43, 44, 58–62. These facts will be deemed admitted. Plaintiffs also deny a fact without any citation. [118] ¶ 75. That fact is deemed admitted.

Plaintiffs object to some of defendants' facts on the basis of hearsay. This case involves search warrants obtained with information from a "John Doe" informant, and defendants relate the information provided by John Doe in their Local Rule 56.1 statement (with citations to the testimony of officer Hronopoulos). A search warrant can be based on hearsay, *see e.g.*, *United States v. Hollingsworth*, 495 F.3d 795, 805 (7th Cir. 2007), and John Doe's statements are offered here not for the truth of the matters asserted but to relate the information upon which the search warrants were based. Plaintiffs may dispute the truth of John Doe's statements, but

by simply objecting on the basis of hearsay and not offering any contrary facts, they do not dispute that John Doe in fact said the things he said. Plaintiffs' hearsay objections to defendants' paragraphs 5 through 12 are overruled, and those facts are deemed admitted, for the limited purpose of stating the basis for the defendants' probable cause assessment. *See* [94] ¶¶ 5–12. Plaintiffs' hearsay objection to paragraph 41 is overruled for similar reasons—that fact is a statement of Hronopoulos's belief that the guns belonged to Wheeler, which was based on information related to Hronopoulos by others. [94] ¶ 41. Hronopoulos may describe the information in his possession, and a court can consider that information when assessing probable cause, without running afoul of the hearsay prohibition. *Woods v. City of Chicago*, 234 F.3d 979, 986–87 (7th Cir. 2000). Plaintiffs Joyce Thomas's and William Wheeler's statements to officers are statements of party opponents and are not hearsay. Fed. R. Evid. 801(d)(2). Plaintiffs' hearsay objections to paragraphs 45 and 46 are overruled and the statements are admitted. [94] ¶¶ 45–46.

With those evidentiary disputes resolved, the material, undisputed facts are as follows. John Doe told Officer Hronopoulos that William Wheeler stored guns in the first and second-floor apartments at 4522 West Van Buren, Chicago, Illinois. Hronopoulos was familiar with John Doe—he had given information for search warrants twice before and those searches were positive. Hronopoulos showed a picture of Wheeler to John Doe, and John Doe identified the person in the photograph as William Wheeler. Hronopoulos did not know Wheeler. John Doe was driven to 4522 West Van Buren and he identified the building as the place where

3

guns were being stored. Hronopoulos typed up a search warrant, it was approved by the State's Attorney's Office, and Hronopoulos brought John Doe to a judge. The judge spoke to John Doe, and John Doe's statements to the judge were consistent with his statements to Hronopoulos. The judge approved two search warrants—one for the first-floor apartment and one for the second-floor apartment. [95-2], [95-3]. The warrants authorized the search of Wheeler and the apartments for a "blue steel semi auto firearm" as evidence of the unlawful use of a weapon by a felon. *Id.*[2] The judge issued the warrants on May 7, 2012, at 6:49 and 6:51 p.m. *Id.*

Officers executed the warrants at 4522 West Van Buren. Plaintiffs Joyce Thomas and William Wheeler lived in the second-floor apartment, and Thomas's sister lived on the first floor. There is a dispute over whether Sergeant Maher showed Thomas a copy of the warrant, and so I assume Thomas was not shown the warrant. But Thomas admits that she was not inside her home when the search began and was outside the building for the duration of the search. Three guns were found in a backpack in the first-floor apartment. Officer Zarbock found heroin and ammunition on the top shelf of the back porch of the second-floor apartment. Zarbock processed the evidence but did not submit any of it for fingerprint analysis. Thomas's sister told the police that she stored the guns for William Wheeler and

---

[2] The complaint or affidavit in support of the search warrants is not part of the record on summary judgment. But plaintiffs do not dispute that the information related by Hronopoulos in his deposition was the information supplied to the judge issuing the search warrants, nor do plaintiffs argue that the judge was misled or that Hronopoulos omitted material information from the search warrant application.

4

that she feared for her safety—she was afraid that Wheeler would hurt her.[3] Thomas denied knowing how the drugs got on the second-floor porch, denied knowing about the guns on the first floor, and told the officers to talk to William Wheeler.

Wheeler was not present during the search, but he called his wife while she was talking to Sergeant Maher. Wheeler said he would turn himself in, but he did not show up. The search lasted about two hours, and nothing was missing or damaged on the second floor after the search.

A little over five weeks later, on June 16, 2012, Officers Haney and Conner were on patrol. Haney and Conner were not involved in the search, but Conner had been told by another officer that Wheeler was a target of a search that recovered weapons and drugs. Conner knew Wheeler from patrolling neighborhood, and when Conner saw Wheeler on the street, he arrested him. Conner and Haney brought Wheeler to the police station, where he was interviewed by Hronopoulos. During an interview with Hronopoulos, Wheeler said that he was storing the guns for someone else. At the time of the search, Wheeler was a convicted felon.

Plaintiffs argue that there was no probable cause for the search because John Doe's information was hearsay. This is not sufficient to defeat summary judgment because, as noted above, probable cause may be based on hearsay from an anonymous informant. *E.g.*, *Illinois v. Gates*, 462 U.S. 213, 244–45 (1983). While the summary judgment record does not contain the complaint in support of the

---

[3] When Thomas later learned that her sister told the police that the guns belonged to Wheeler, Thomas beat up her sister.

warrants or John Doe's basis for saying there were guns in the apartment, there is no dispute that: he had twice provided reliable information for search warrants in the recent past; he identified Wheeler and the apartment building; he was brought before a judge who could test his credibility; and the judge approved the search warrants based on John Doe's information. Plaintiffs do not argue that any material information was omitted from the search warrant application or that the judge was misled, and so the warrant is presumed to be valid. *United States v. Childs*, 447 F.3d 541, 546 (7th Cir. 2006). The defendants cannot be liable for executing a valid search warrant, and plaintiffs have failed to come forward with any evidence undermining the officers' good faith in relying on the warrant. Since the evaluation of qualified immunity in obtaining a search warrant is similar to that used in applying the good-faith standard, *Junkert v. Massey*, 610 F.3d 364, 369 (7th Cir. 2010), and since reliance on the warrant was not objectively unreasonable, defendants are protected from liability by qualified immunity.

Plaintiffs argue that there is a material factual dispute over the reasonableness of the search of Thomas's apartment and argue that the search was warrantless, because she was not shown the warrant and did not consent to the search. But plaintiffs do not dispute—with any admissible evidence—that a judge issued warrants for the two apartments. The Fourth Amendment does not require the executing officer to serve the warrant on the owner before commencing the search, *see Groh v. Ramirez*, 540 U.S. 551, 562 n.5 (2004), and so the dispute over whether Thomas saw the warrant is not material to the warrant's validity.

6

Although plaintiffs' brief is unclear, they may be claiming that the execution of the warrant was unreasonable, and therefore unconstitutional, because Thomas was not shown a copy of it. There is no constitutional requirement that the warrant be shown during its execution, *see United States v. Stefonek*, 179 F.3d 1030, 1034 (7th Cir. 1999), and plaintiffs cite no authority clearly establishing that Thomas had a Fourth Amendment right to receive the warrant from Maher. At a minimum, the officers are protected by qualified immunity from a claim concerning the execution of the warrant. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 742–43 (2011). The search lasted no more than two hours, Thomas was outside the apartment for the duration of the search, and it caused no damage to Thomas's apartment. The search was conducted reasonably, and defendants are entitled to summary judgment on claims related to the execution of the warrant.

John Doe's statement that Wheeler stored guns in the apartments, the recovery of guns, ammunition, and drugs from the apartments, the sister's statement that she stored the guns for Wheeler, Thomas's statement disclaiming knowledge of the contraband and suggesting that officers speak to Wheeler, Wheeler's failure to turn himself in after suggesting that he would do so, and the facts that one of the guns had been reported stolen, [96-3] at 3, and another gun had a defaced serial number, *id.*, gave officers reasonably trustworthy information to believe that Wheeler committed the offenses of illegal possession of firearms and drugs—in other words, probable cause to arrest Wheeler. *See United States v. Sawyer*, 224 F.3d 675, 679 (7th Cir. 2000) ("So long as the totality of the

7

circumstances, viewed in a common sense manner, reveals a probability or substantial chance of criminal activity on the suspect's part, probable cause exists."). Wheeler disputes whether the proof of residency recovered during the search was sufficient to tie him to the apartment, but he does not dispute that he lived in the second-floor apartment, and the quantum of evidence necessary to establish probable cause does not require more than what the officers indisputably had in hand after they left the search. Fingerprint analysis was not necessary, because officers are not required to conduct additional investigation once probable cause is established. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

Officers arrested Wheeler about a month after the search, but the arresting officers were not part of the search team. "[T]he police who actually make the arrest need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of another officer or police agency. In that case, the arrest is proper so long as the knowledge of the officer directing the arrest, or the collective knowledge of the agency he works for, is sufficient to constitute probable cause." *Tangwall v. Stuckey*, 135 F.3d 510, 517 (7th Cir. 1998) (quotation and emphasis omitted). Even if the officer who tipped Officer Conner about Wheeler was not a part of the search team, it is not disputed that the information Officer Conner received was true—Wheeler was the target of a search that recovered guns and drugs. The collective knowledge of Conner's agency is properly attributed to Conner under these circumstances, and Conner therefore had probable cause to arrest Wheeler on sight in the public street. Moreover, since "qualified immunity

8

protects all but the plainly incompetent or those who knowingly violate the law," *Mullenix v. Luna*, — U.S. —, 136 S.Ct. 305, 308 (2015) (quotation omitted), the arresting officers here would be immune from liability. They were not plainly incompetent in relying on information relayed by a fellow officer that truthfully identified Wheeler as the wanted target of an investigation that had developed probable cause to believe Wheeler illegally possessed guns and drugs. *See D.Z. v. Buell*, 796 F.3d 749, 755 (7th Cir. 2015) (qualified immunity protects the reasonable officer who could have mistakenly believed that probable cause existed).

Wheeler was acquitted after serving a year in detention, but to prove his state-law malicious prosecution claim he must satisfy all five elements of the tort: (1) commencement or continuation of an original proceeding; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages. *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016). The failure to establish any one element bars recovery. *Id.* There was probable cause for the prosecution, because in addition to the probable cause to support Wheeler's arrest, there was evidence that Wheeler was a convicted felon and made a post-arrest statement to Hronopoulos in which he admitted that he knowingly possessed the guns. Probable cause is determined based upon the facts known to the prosecution at the time of filing, "not the actual facts of the case or the guilt or innocence of the accused." *Id.* (citation omitted).

Wheeler was acquitted because the evidence did not prove beyond a reasonable doubt that he possessed the contraband recovered from the search, and

he regrettably spent a year in custody until his vindication. But the defendant officers did not violate his constitutional rights, because they had a valid warrant to search his apartment and probable cause to arrest him. In addition, the officers are protected by qualified immunity. Defendants' motion for summary judgment, [98], is granted. Enter judgment and terminate civil case.

ENTER:

/s/ Manish S. Shah

Manish S. Shah
United States District Judge

Dated: 2/9/2017